

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-1-2007

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4389

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Williams" (2007). *2007 Decisions.* Paper 1144.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1144

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**DLD-204**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4389

UNITED STATES OF AMERICA

v.

ARTHUR WILLIAMS,
                                                                  Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 00-cr-00361-3)
District Judge: Honorable Stewart Dalzell

Submitted For Possible Summary Action Under Third Circuit L.A.R. 27.4 and  I.O.P.
10.6 or Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 19, 2007

Before: BARRY, AMBRO and FISHER, <u>Circuit Judges</u>

(Filed May 1, 2007)

OPINION

PER CURIAM

Arthur Williams appeals from the District Court's order granting in part and

denying in part his motion to correct his sentence.  Because Williams' appeal presents no

substantial question, we will summarily affirm the judgment of the District Court.

On March 13, 2000, Williams pleaded guilty in the United States District Court for the Eastern District of Pennsylvania to two counts of armed bank robbery and two counts of brandishing a firearm during the commission of a crime of violence. Williams was sentenced to 447 months in prison, to be followed by three years of supervised release, and was ordered to pay a total of $23,503 in restitution to Mellon Bank and First Republic Bank. Williams' co-defendants were also ordered to pay restitution; Wayne Williams and Vernice Robinson were each ordered to pay $23,503 to the banks while Robert Lee Allen was ordered to pay 5,042 to Mellon Bank.

After exhausting his appeals and filing a motion to vacate, modify, or set aside his sentence under 28 U.S.C. § 2255, Williams filed this motion to correct his sentence. He argued that the District Court erred in failing to specify in the judgment that he and his co-defendants were jointly and severally liable for the restitution. Williams also claimed that he was not informed during his plea colloquy of his exposure to a fine if convicted, in violation of FED. R. CRIM. P. 11. The District Court ruled that its failure to specify that Williams and his co-defendants were jointly and severally liable for the restitution amount was an error, and corrected his sentence pursuant to FED. R. CRIM. P. 36. However, the District Court found that Williams had been notified of his exposure to the fine during the plea colloquy. Williams appealed.

We agree with the District Court in all respects. Williams argues that the District Court erred by correcting his restitution sentence under Rule 36 rather than vacating his sentence. He also argues his plea was not knowing and should be vacated because he was

2

not informed that he faced a mandatory fine under U.S.S.G. § 5E1.2(a). To the extent

that Williams is attempting thereby to attack his conviction and vacate his sentence, he

can only do so in a § 2255 motion.[1] See Davis v. United States, 417 U.S. 333, 343

(1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

In sum, we find that Williams' appeal presents no substantial question.

Accordingly, we will summarily affirm the District Court's order.

---

[1]We also note that not only was Williams informed of his exposure to financial penalties for pleading guilty, but no fine was actually imposed in his case. Under § 5E1.2(e), a court may waive any fine if the defendant is unable and unlikely to become able to pay the fine and therefore Williams was not actually exposed to a mandatory fine because of his conviction. According to the judgment, the District Court waived the fine in Williams' case. (Mot. to Correct Sentence at 14a.).